CAUSE NO. D-1-GN-22-001980

| | | |
|---|---|---|
| STACY R. SCHIFFMAN, *et al*, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § | |
| v. | § § | |
| NELSON PARTNERS, LLC, NELSON BROTHERS PROPERTY MANAGEMENT INC. D/B/A NELSON PARTNERS PROPERTY MANAGEMENT, INC., NP EQUITY, LLC, AND PATRICK NELSON, | § § § § § § § | TRAVIS COUNTY, TEXAS |
| *Defendants.* | § | 98th JUDICIAL DISTRICT |

## **TEMPORARY RESTRAINING ORDER**

On this day, the Court considered the Plan Administrator, Gregory S. Milligan's ("Milligan" or "Plan Administrator") Verified Application for Temporary Restraining Order and Motion for Expedited Discovery (the "Application") against Defendants Nelson Partners, LLC, Nelson Brothers Property Management, Inc. d/b/a Nelson Partners Property Management, Inc. and Patrick Nelson ("Nelson Parties"). After reviewing the Application, evidence attached to the Application, the Motion for Contempt and Request for Show Cause Hearing ("Motion"), arguments of counsel and parties, and the Nelson Parties' Response to the Application, the Court makes the following findings and orders:

By his Application, and in accordance with the definitions, findings, and orders contained in the Court's April 25 Temporary Injunction, the Plan Administrator seeks a Temporary Restraining Order enjoining the Nelson Parties, as well as any entity under Patrick Nelson's control, from transferring, assigning, dissipating, or otherwise withdrawing the $14,760,000 reflected in the October 24 Final Closing Statement as follows:

| PAYEE | AMOUNT |
|---|---|
| Principal buy down to SP 180 Fund, LLC | $3,000,000.00 |
| Sellers commission to Nelson Partners, LLC | $6,090,000.00 |
| Deferred Buyer Commission to Nelson Partners Property Mgmt., Inc. | $5,670,000.00 |
| Total | $14,760,000.00 |

This Court has jurisdiction over the Nelson Parties. The Court further entered a Temporary Injunction on or about April 25, 2022, the terms of which are hereby incorporated by reference and attached hereto, and the Court reiterates and adopts the findings therein.

Such wrongful conduct has caused, is causing, and will continue to cause probable and irreparable injury and harm to the Investors' and Plan Administrator's personal, property, contractual, and/or business rights. Without the issuance of a temporary restraining order as requested by the Plan Administrator, the Nelson Parties are substantially likely to cause irreparable harm and injury to the Plan Administrator and Investors, who have no adequate remedy at law because any purported damages are difficult, if not impossible, to quantify. Specifically, the harm will be caused to the Plan Administrator's ability to disperse funds to the Investors and will harm the Plan Administrator's duties and obligations both to the Court and the Investors.

The Court finds that the Plan Administrator presented sufficient information that unless the Court orders the Nelson Parties to refrain from moving the $14,760,000, there is an imminent risk of irreparable injury, loss, or damage to the Plan Administrator will be unable to fully effectuate the Liquidation Plan, and the Investors will be harmed.

Unless restrained by this Court, the Nelson Parties are likely to transfer the $14,760,000 outside of the Court's jurisdiction, and the Plan Administrator and Investors will continue to be immediately and irreparably harmed as a result. The threatened harm to the Plan Administrator and Investors outweighs the threatened harm to the Nelson Parties. If a TRO is not issued, the Plan Administrator is at risk of losing control over the $14,760,000.

4891-4415-5199v.1

The Plan Administrator filed a Motion for Contempt and Request for Show Cause, and has demonstrated through his pleading and the evidence attached thereto that he will likely succeed on the merits of the claims and that he and the Investors will suffer immediate and irreparable injury if the Nelson Parties, and those acting in active concert or participation with them, are not immediately enjoined from transferring the Sol y Luna funds. By virtue of the foregoing, the Plan Administrator has also demonstrated that they have no adequate remedy at law, and that a balancing of the equities favors the issuance of an injunction against the Nelson Parties.

IT IS THEREFORE ORDERED that the Nelson Parties, and any of their respective officers, directors, agents, employees, representatives, attorneys, affiliates, and any other parties acting on his behalf or on instructions from the Nelson Parties are hereby restrained and enjoined from transferring, dissipating, or otherwise absconding with $14,760,000 of the proceeds from the Sol y Luna sale except as provided in this Order.

It is further ORDERED that the hearing on the Plan Administrator's Application for Temporary Injunction shall commence on December 2, 2022 at 9:00 a.m. in the 250th District Court, Travis County, Texas, and Defendant Patrick Nelson shall appear and show cause, if any exists, why this Temporary Restraining Order should not be continued as a temporary injunction.

It is further ORDERED that the Nelson Parties shall deposit with the Travis County District Court's registry the amount of $14,760,000, by 5:00 p.m. CST on Friday, November 18, 2022, which amount the Court finds will adequately protect the interests of the Plan Administrator and Investors, pending a hearing on the Plan Administrator's Application for Temporary Injunction.

It is further ORDERED that, upon depositing the $14,760,000 described herein, the District Clerk of Travis County shall prepare and issue this notice of Temporary Restraining Order and/or

writ of injunction for service upon the Nelson Parties. This Temporary Restraining Order expires on its own terms in 14 days from the date of this Order.

It is further ORDERED that, pursuant to the Agreed Order on Administrator's Powers, Authority, and Implementation Procedures Pursuant to Plan of Liquidation Section 5 entered on July 21, 2022, the Plan Administrator is not required to post any bond, surety, or other security.

SIGNED at __3:50__ o'clock a.m./p.m. on the __18th__ day of November, 2022.

_/s/ Karin Crump_
JUDGE PRESIDING
KARIN CRUMP
250th DISTRICT COURT

4891-4415-5199v.1

EXHIBIT A

**AGREED AS TO FORM:**

/s/ *Rusty J. O'Kane*
Jason M. Rudd, Tex. Bar No. 24028786
jason.rudd@wickphillips.com
Rusty J. O'Kane, Tex. Bar No. 24088149
rusty.okane@wickphillips.com
Catherine A. Curtis, Tex. Bar No. 24095708
catherine.curtis@wickphillips.com
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
(214) 692-6200

***Counsel for Plan Administrator***

/s/ *Greg C. Noschese*
Greg C. Noschese, Tex. Bar No. 00797164
gnoschese@munsch.com
Courtney L. Sauer, Tex. Bar No. 24066026
csauer@munsch.com
Aynsley K. Young, Tex. Bar No. 24102674
ayoung@munsch.com
Brandon M. Stendara, Tex. Bar No. 24121148
bstendara@munsch.com
MUNSCH HARDT KOPF & HARR, PC
500 N. Akard Street, Suite 3800
Dallas, TX 75204
(214) 855-7500

***Counsel for Defendants***

/s/ *Jennifer A. Lloyd*
Jennifer A. Lloyd, Tex. Bar No. 2401305
jlloyd@millerlloyd.com
MILLER LLOYD, P.C.
500 West 5th Street, Suite 700
Austin, TX 78701
(512) 694-5578

- and –

Robert W. Brownlie, CA. Bar No. 138793
robert.brownlie@brownliehansen.com
BROWNLIE HANSEN, LLP
10920 Via Frontera, Suite 550
San Diego, CA 92127
(858) 357-8001

***Counsel for Plaintiff James V. Parziale, Trustee of the Parziale Family Trust, derivatively on behalf of NP Skyloft DST***

/s/ *D. Douglas Brothers*
D. Douglas Brothers, Tex. Bar No. 03084500
dbrothers@gbkh.com
GEORGE BROTHERS KINCAID & HORTON, LLP
114 West 7th Street, Suite 1100
Austin, TX 78701
(512) 495-1400

***Counsel for Plaintiff Schiffman, et al, individually and derivatively on behalf of NP Skyloft DST***

EXHIBIT A

11/29/2022 3:58 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001980
Irene Silva

CAUSE NO. D-1-GN-22-001980

| | | |
|---|---|---|
| STACY R. SCHIFFMAN, *et al*, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| NELSON PARTNERS, LLC, NELSON BROTHERS PROPERTY MANAGEMENT INC. D/B/A NELSON PARTNERS PROPERTY MANAGEMENT, INC., NP EQUITY, LLC, AND PATRICK NELSON, | §§§§§§§ | TRAVIS COUNTY, TEXAS |
| | § | |
| *Defendants.* | § | 98th JUDICIAL DISTRICT |

**PLAN ADMINISTRATOR'S AGREED MOTION TO
EXTEND TEMPORARY RESTRAINING ORDER AND
<u>RESCHEDULE TEMPORARY INJUNCTION AND SHOW CAUSE HEARING</u>**

Plan Administrator Gregory S. Milligan ("<u>Plan Administrator</u>") files this Agreed Motion to Extend Temporary Restraining Order and Reset Temporary Injunction and Show Cause Hearing ("Motion") and in support thereof would show the following:

**I.
<u>FACTUAL BACKGROUND</u>**

1. Plan Administrator filed a Verified Application for Temporary Restraining Order and Motion for Expedited Discovery ("<u>Application</u>") against Defendants Nelson Partners, LLC, Nelson Brothers Property Management, Inc. d/b/a Nelson Partners Property Management, Inc. and Patrick Nelson as well as any entity under Patrick Nelson's control ("<u>Nelson Parties</u>").

2. On November 14, 2022, Plan Administrator also filed a Motion for Contempt and for Sanctions ("<u>Motion for Contempt</u>") and Request for Show Cause Hearing ("<u>Show Cause</u>").

3. On November 18, 2022, the Court held a hearing on Plan Administrator's Application and entered a Temporary Restraining Order ("<u>TRO</u>").

4.  At that time, in the TRO, the Court used a placeholder of December 2, 2022 for a hearing on (1) Plan Administrator's Application for Temporary Injunction ("<u>TI</u>"). The Court also used this date in its Order Setting Show Cause Hearing.

5.  After a conference between the Parties, counsel for the Parties agreed to the Court's earliest mutually-agreeable date for the TI and Show Cause hearing, **December 21, 2022 at 9:00 a.m.**

6.  As such, the Parties agreed to an extension of the TRO until the time of the TI and Show Cause hearing: **December 21, 2022 at 9:00 a.m.,** or until such time as the Court enters an Order granting or denying the Plan Administrator's Application for Temporary Injunction.

## II.
## GOOD CAUSE AND CONSENT FOR EXTENSION OF TRO

7.  Pursuant to Texas Rule of Civil Procedure 680, a temporary restraining order "shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period." This Rule allows the Court to grant an extension of the TRO upon a showing of "good cause" or consent of the restrained party.

8.  Good cause is not defined in the Rules of Civil Procedure, but generally includes a lack of bad faith on the part of the movant and a lack of prejudice to the non-movant. *See Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011).

9.  Counsel for the Nelson Parties has consented to the extension of the TRO to accommodate the Court's availability to hear Plan Administrator's Application for Temporary Injunction and Motion for Contempt.

Copy from re:SearchTX

10.     The extension will also allow the Parties to conduct and conclude expedited discovery, as ordered by the Court, and enable its counsel to receive and properly evaluate the Nelson's Parties' responses to the expedited discovery requests.

11.     Due to the consent of the Nelson Parties and good cause shown here, Plan Administrator requests the TRO be extended until the Court's earliest availability for the TI and Show Cause hearing, **December 21, 2022 at 9:00 a.m.** or until such time as the Court enters an Order granting or denying Plan Administrator's Application for Temporary Injunction.

### III.
### PRAYER FOR RELIEF

In light of the foregoing, Plan Administrator prays that the Court enters the attached proposed order (1) extending the existing TRO by the Parties' agreement until **December 21, 2022 at 9:00 a.m.**, (2) resetting the TI and Show Cause Hearing to **December 21, 2022 at 9:00 a.m.**, and (3) for such other and further relief to which he may be entitled.

Dated: November 29, 2022.

Respectfully submitted,

/s/ Rusty J. O'Kane
Jason M. Rudd
Texas Bar No. 24028786
Jason.rudd@wickphillips.com
Rusty J. O'Kane
Texas Bar No. 24088149
Rusty.okane@wickphillips.com
Scott D. Lawrence
Texas Bar No. 24087896
Scott.lawrence@wickphillips.com
Catherine A. Curtis
Texas Bar No. 24095708
Catherine.curtis@wickphillips.com

WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
(214) 692-6200

**ATTORNEYS FOR PLAN ADMINISTRATOR**

### CERTIFICATE OF CONFERENCE

I certify that on November 29, 2022, I conferred with counsel for Defendants concerning the relief requested in this Motion. In accordance with the Court's Order and the Parties' conference, counsel for Defendants agreed to extend the TRO and reset the TI and Show Cause Hearing to the date requested herein.

/s/ Rusty J. O'Kane
Rusty J. O'Kane

### CERTIFICATE OF SERVICE

I certify that on November 29, 2022, a true and correct copy of the foregoing instrument was served on the following counsel of record pursuant to the Texas Rules of Civil Procedure.

/s/ Rusty J. O'Kane
Rusty J. O'Kane